# United States District Court

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
v.
MIGUEL SANDOVAL SAMANO

WARRANT FOR ARREST

ON COMPLAINT
CASE NUMBER: 07-

07-2098M

To: The United States Marshal or any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest MIGUEL SANDOVAL SAMANO
Name

and bring him or her forthwith to the nearest Judge/Magistrate to answer a complaint charging him or her in violation of Title 21, United States Code, Section 846.

**To Be Set by Duty Judge**

with Bail ~~fixed at~~ $ ____________
REC: BY AUSA DETENTION

Date: December 7, 2007

MARGARET A. NAGLE
Name of Judge/Magistrate Judge
Margaret A. Nagle
U.S. Magistrate Judge

Signature of Judge/Magistrate Judge

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at ____________ | | |
| DATE RECEIVED | NAME & TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

AO 91
Rev. 11/97

**CRIMINAL COMPLAINT** 1:07MJ125A

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>MIGUEL SANDOVAL SAMANO | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>07- 07-2098M |

Complaint for violation of Title 21, United States Code, Section 846.

| NAME OF MAGISTRATE JUDGE | UNITED STATES MAGISTRATE JUDGE | LOCATION |
|---|---|---|
| MARGARET A. NAGLE | | Los Angeles, CA |

| DATE OF OFFENSE | PLACE OF OFFENSE | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|
| Beginning on a date unknown to October 2007 | Los Angeles County, California and elsewhere | 16 Tiffany Street<br>Central Falls, RI 02863 |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

Beginning on a date unknown and continuing to on or about October 1, 2007, in Los Angeles County, within the Central District of California and elsewhere, defendant **Miguel Sandoval Samano** and other previously indicted co-conspirators as well as others both known and unknown, agreed with each other to possess with intent to distribute and to distribute more than one kilogram of a mixture or substance containing a detectable amount of heroin, a schedule I narcotic drug controlled substance and more than 500 grams of cocaine, a schedule II controlled substance in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

FILED
CLERK US DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:
(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>Melissa Schneider /S/<br><br>OFFICIAL TITLE<br>SPECIAL AGENT -- Drug Enforcement Administration |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1) | DATE |
|---|---|
| Margaret A. Nagle<br>U.S. Magistrate Judge | December 7, 2007 |

1) See Federal Rules of Criminal Procedure rules 3 and 54.
LAR: REC: Detention

LAC

ORIGINAL

FILED 2007 DEC -7 PM 12:29

THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
LIZABETH A. RHODES
Assistant United States Attorney
California Bar Number: 155299
14th Floor United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3541
~~Facsimile: (213) 894-0142~~
E-Mail: lizabeth.rhodes@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MIGUEL SANDOVAL SAMANO, Defendant. | Case No. 07-2098M<br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

____ 1. Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

____ a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); or

____ b. defendant is an alien not lawfully admitted for permanent residence; and

____ c. defendant may flee; or

____ d. pose a danger to another or the community.

_X_ 2. Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:

_X_ a. the appearance of the defendant as required;

_X_ b. safety of any other person and the community.

____ 3. Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):

____ a. defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

____ b. defendant cannot establish by clear and convincing evidence that he/she will not flee.

_X_ 4. Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):

_X_ a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

____ b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and

flight risk);

____ c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

____ d. defendant currently charged with an offense described in paragraph 5a - 5e below, **AND** defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), **AND** that previous offense was committed while defendant was on release pending trial, **AND** the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

__X__ 5. <u>Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves</u>:

____ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

__X__ b. an offense for which maximum sentence is life imprisonment or death;

_X_ c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

____ d. any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal ~~jurisdiction were present, or a combination or~~ such offenses;

____ e. any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

_X_ f. serious risk defendant will flee;

____ g. serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

____ 6. Government requests continuance of ____ days for detention hearing under § 3142(f) and based upon the following reason(s):

________________________________________

________________________________________

________________________________________

//

//

____ 7. Good cause for continuance in excess of three days exists in that:

______________________________________

______________________________________

______________________________________

~~DATED: December 7, 2007~~ ~~Respectfully submitted,~~

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

LIZABETH A. RHODES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

AO 91
Rev. 11/97

Under Seal

CRIMINAL COMPLAINT

ORIGINAL

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>MIGUEL SANDOVAL SAMANO | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>07- 07-2098M |

Complaint for violation of Title 21, United States Code, Section 846.

| NAME OF MAGISTRATE JUDGE | UNITED STATES MAGISTRATE JUDGE | LOCATION |
|---|---|---|
| MARGARET A. NAGLE | | Los Angeles, CA |

| DATE OF OFFENSE | PLACE OF OFFENSE | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|
| Beginning on a date unknown to October 2007 | Los Angeles County, California and elsewhere | 16 Tiffany Street<br>Central Falls, RI 02863 |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

Beginning on a date unknown and continuing to on or about October 1, 2007, in Los Angeles County, within the Central District of California and elsewhere, defendant **Miguel Sandoval Samano** and other previously indicted co-conspirators as well as others both known and unknown, agreed with each other to possess with intent to distribute and to distribute more than one kilogram of a mixture or substance containing a detectable amount of heroin, a schedule I narcotic drug controlled substance and more than 500 grams of cocaine, a schedule II controlled substance in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

FILED
CLERK, U.S. DISTRICT COURT
DEC - 7 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

LODGED
2007 DEC -7 PM 12:25
CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:
(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>Melissa Schneider<br><br>OFFICIAL TITLE<br>SPECIAL AGENT – Drug Enforcement Administration |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1) Margaret A. Nagle | DATE<br>December 7, 2007 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.
LAR: REC: Detention

LAR

## AFFIDAVIT

I, Melissa Schneider, being duly sworn, declare as follows:

### I. Introduction

1. I am an investigative and law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, United States Code, Section 2516. I am currently a Special Agent (SA) with the Drug Enforcement Administration (DEA), Los Angeles Field Division, and have been employed in this capacity since July 2004.

2. During the course of my employment with DEA, I have received several hundred hours of comprehensive, formal instruction on such topics as drug identification; money laundering techniques; patterns of drug trafficking; complex conspiracies; the exploitation of narcotics traffickers' telecommunications devices; criminal law; surveillance; and other investigative techniques. I have initiated and assisted in investigations into the unlawful importation, manufacture, possession with intent to distribute, and distribution of narcotics (including cocaine, heroin, and methamphetamine), the laundering of narcotics proceeds, and conspiracies associated with narcotics offenses, and I have served as the affiant for numerous federal Title III and California state wiretap orders

and search warrants. In conducting these investigations, I have utilized a variety of investigative techniques and resources, including but not limited to such techniques as surveillance, confidential sources, search warrants, telephone toll analysis, and wire intercept communications analysis in Title III and California state wiretap investigations.

## II. Purpose of Affidavit

3. make this affidavit in support of a criminal complaint and arrest warrant for Miguel Sandoval Samano ("**SAMANO**") for violations of 21 U.S.C. § 846 (Conspiracy to possess with intent to distribute a controlled substance).

4. The facts set forth below are based upon (1) my own personal observations; (2) reports and information provided to me by other law enforcement agents or government agencies; (3) other documents obtained during the course of the investigation; (4) Confidential Source (CS) debriefings; (5) analysis of wiretap communications intercepted pursuant to Title III wiretaps authorized in this investigation; (6) evidence obtained pursuant to other search warrants served in this investigation.

5. This affidavit does not purport to set forth all my knowledge of, or investigation into, this matter. Where conversations and events are referred to herein, they are related in substance and in part, taken from preliminary translations made by Spanish-speaking agents, task force officers, and

contract personnel. All figures, times, and calculations set forth herein are approximate. This affidavit sets forth only the facts necessary to establish probable cause for a search warrant.

## III. Statement of Probable Cause

*Background of the Investigation*

6. DEA Los Angeles began investigating the Javier Humberto Laverde-Marquez ("Laverde") drug trafficking organization ("DTO") with DEA New York in August 2006. The investigation has culminated in an indictment in the Central District of California in the case of United States v. Utrera et. al., CR 07-845(A)-RGK against Laverde, John Doe #1 also known as "Dinosaurio" ("Dinosaurio"), Daniel Utrera-Jimenez ("Utrera"), Abraham Dario Perez-Martinez ("Abraham Perez"), Adrian William Perez-Martinez ("Adrian Perez"), Kenneth Javier Alonso Bazua-Soto ("Bazua"), Salas Chamu ("Chamu"), and Marco Alfonso Ares-Garcia ("Ares").[1]

7. Through wire interception and other techniques, agents have determined that Laverde and Dinosaurio are Colombian heroin and cocaine traffickers stationed in Mexico City to coordinate the transportation of narcotics shipments from Colombia to Mexico City, through the Mexican corridor, to Los Angeles, and ultimately destined for distribution centers on the East coast. The heroin/cocaine shipments imported into the U.S. are typically

---

[1] A copy of the First Superseding Indictment in United States v. Utrera et. al., is available for the court's review.

packaged in jalapeno pepper food cans.

8. Utrera was the head of a Los Angeles-based cell affiliated with the Laverde DTO, subordinate to Laverde and Dinosaurio. Utrera dispatched couriers to a stash house in Ensenada, Mexico to transport heroin/cocaine shipments to the Los Angeles area. Once Utrera confirmed to his foreign-based superiors that his couriers had picked up the new shipments, Dinosaurio would e-mail Utrera the names of the distributors to forward the narcotics to via United Parcel Service ("UPS") or FedEx, including **SAMANO**.

*The December 18, 2006 Seizure*

9. On December 15, 2006, intercepted calls over Target Telephone 4[2] indicated Abraham Perez and Bazua drove in tandem to Ensenada, Mexico to pick up four units of narcotics at Utrera's direction. Intercepted calls and border crossing intelligence pertaining to Abraham Perez's vehicle revealed that both couriers had returned to the U.S. with the narcotics by December 16, 2006, since Utrera intended to mail the narcotics on December 18, 2006.

10. On December 18, 2006, members of Pomona Police Department established surveillance at 19105 Robinson Street,

[2] On December 7, 2007, Judge George H. King signed an order in Criminal Miscellaneous Matter Number 06-238(B)-GHK, authorizing the continued wire interception of (213) 347-9543 ("Target Telephone 2") and the initial interception of wire communications to and from (213) 259-6751 ( "Target Telephone 3") and (213) 259-7936 (hereafter "Target Telephone 4"), used by Utrera.

Perris, California (previously identified as Utrera's residence). Investigators observed Utrera drive from the 19105 Robinson Street location to the Postal Annex at 75 West Nuevo Road, Perris, California ("Perris Postal Annex"). Utrera met with Bazua and an unidentified male ("UM"). Bazua and the UM walked inside the postal annex and mailed a package, and the UM then handed Utrera a small piece of paper (presumably the receipt with the package's UPS tracking number).

11. A subsequently served California state search warrant for the package revealed it to contain four jalapeno pepper food cans. Two cans contained approximately one kilogram of heroin collectively; two cans contained approximately one kilogram of cocaine collectively.

*Dinosaurio and Utrera Coordinated the Narcotics Shipments Via E-Mail*

12. On September 13, 2007, DEA agents arrested Utrera and Bazua. In a post-arrest statement, Utrera advised agents (including me) that Dinosaurio or Laverde would call him approximately once a month to notify him that a new narcotics shipment was ready for pickup, and that they always e-mailed him the address to ship the narcotics load to from e-mail account JULIO01981@YAHOO.COM. Utrera further stated that he always shipped the narcotics from the Perris Postal Annex, and then e-mailed Dinosaurio the tracking number. Utrera further gave

consent to search his computer and e-mail which was LAENSALADABC@YAHOO.COM.

13. Thereafter, on September 14, 2007, I obtained a federal search warrant targeting e-mail account JULIO01981@YAHOO.COM, signed by United States Magistrate Judge Margaret A. Nagle.[3]

14. Records provided by Yahoo! Inc. revealed that Dinosaurio had not deleted many of the e-mail communications with Utrera from several prior shipments. The seized e-mails further indicated that Dinosaurio used this account exclusively for coordinating drug shipments with Utrera (at e-mail account LAENSALADABC@YAHOO.COM).

15. For example, on December 16, 2006, Dinosaurio sent Utrera an e-mail stating, "Here is the address, for the documents. Javon Rosario, the address is 29 Craig Place 3rd Floor (third floor), North Plainfield, NJ 07060 [the address listed on the seized December 18, 2006 shipment]."

a. Based on my training and experience, and based on my knowledge of the Target Subjects (including intercepted calls in which Utrera referred to the December 18, 2006 shipment as "documents," as well as post-arrest statements made by Utrera and Bazua), I know that the Laverde DTO typically refers to narcotics with such code words as "documents" and "envelopes."

---

[3] A copy of the search warrant is also available for inspection by the court.

16. Then, on December 18, 2006 (after we observed Utrera, Bazua, and the UM drop off the two kilogram heroin/cocaine package at the Perris Postal Annex), Utrera sent Dinosaurio an e-mail stating, "Here is your part number [UPS tracking number] 1Z0R85W50246756909." This was the same tracking number on the two kilogram heroin/cocaine package seized pursuant to the search warrant.

*Identification of* ***SAMANO*** *and the October 2006 Shipment*

17. On October 16, 2006, Dinosaurio sent Utrera and e-mail stating, "the warehouse for rent is 16 Tiffany St. Central Falls RI 02863 2nd floor." Later that day, Dinosaurio sent Utrera a follow-up e-mails stating, "Payable to Miguel Samano [**SAMANO**]."

18. In November 2007, DEA Los Angeles Task Force Officer (TFO) Steve DeLuca visited the Perris Postal Annex that the December 18, 2006 shipment was seized from. In his post-arrest statement, Utrera advised us that he always mailed the narcotics shipments from this location. TFO DeLuca requested records pertaining to the October 2006 shipment to **SAMANO**. The store's records revealed a UPS package weighing 12 pounds and two ounces was shipped on October 17, 2006 from the Perris Postal Annex to **SAMANO** at the 16 Tiffany Street location. UPS records confirmed this package was delivered to the 16 Tiffany Street location on October 19, 2006.

19. The Postal Annex records also showed the sender's

address on the October 17, 2006 **SAMANO** shipment was 60 Hart Lane #60, Perris, California. This is the same sender's address that was listed on another UPS shipment Utrera sent to a different distributor in New York in September 2007. DEA seized this shipment, which contained two kilograms of heroin in jalapeno pepper food cans.

***The December 2006 Shipment to SAMANO***

20. On December 8, 2006, Dinosaurio sent Utrera another e-mail stating "the information is the same as last time. MIGUEL SAMANO [**SAMANO**], 16 TIFFANY ST 2 FLOOR, CENTRAL FALLS, RI 02863."

21. The Perris Postal Annex store records also demonstrated that a UPS package weighing 13 pounds and 11 ounces was shipped on December 11, 2006 from the Perris Postal Annex to **SAMANO** at the 16 Tiffany Street location. UPS records confirmed this package was delivered to the 16 Tiffany Street location on December 13, 2006.

///

///

///

///

///

///

///

IV. <u>Conclusion</u>

22. Based on the facts set forth herein, I submit that probable cause exists to believe that **SAMANO** conspired to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.

Melissa Schneider
Special Agent, DEA

Sworn and subscribed to before me
on this 7th day of December 2007.

Margaret A. Nagle
UNITED STATES MAGISTRATE JUDGE